IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01694-BNB

DERIC B. VAN FLEET,

    Plaintiff,

v.

DEPUTY PALMER, El Paso Criminal Justice Center, Transportation, and
HEAD SUPERVISOR, El Paso Criminal Justice Center, Medical,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Deric B. Van Fleet, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Van Fleet filed *pro se* a Prisoner Complaint (ECF No. 1) asserting two claims for relief pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Van Fleet is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Van Fleet will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

   Mr. Van Fleet's claims are premised on events that occurred while he was detained at the El Paso County Criminal Justice Center.  He alleges in his first claim that he was injured on May 4, 2011, while being transported to the courthouse by Deputy Palmer.  Mr. Van Fleet alleges in his second claim that he was denied medical treatment for the injury he suffered on May 4, 2011, due to a lack of staff.  Mr. Van Fleet also alleges within the medical treatment claim that a doctor prescribed a pain medication for his injury and that he should not be taking medication because he has hepatitis C.

   Mr. Van Fleet fails to provide a short and plain statement of his claims showing he is entitled to relief.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."

*Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Van Fleet may pursue his claims in this § 1983 action only if he alleges facts that demonstrate his federal rights have been violated. Mr. Van Fleet's allegations that Defendants were negligent or committed medical malpractice are not cognizable in a § 1983 action because "deliberate indifference entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (concluding that medical malpractice is not a constitutional violation merely because the alleged victim is a prisoner).

     Mr. Van Fleet also fails to allege with respect to his medical treatment claim specifically when he was denied medical treatment. In addition, is not clear whether Mr. Van Fleet is asserting the medical treatment claim against the head supervisor of the medical department, as he indicates in the caption of the Prisoner Complaint, or the doctor who treated him, as he indicates in his factual allegations in support of the medical treatment claim. Mr. Van Fleet may use a fictitious name, such as John or Jane Doe, if he does not know the real name of the individual he is suing, but he still must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

     For these reasons, Mr. Van Fleet will be directed to file an amended complaint. Mr. Van Fleet must identify the specific federal claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he

is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Van Fleet file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Van Fleet shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Van Fleet fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED June 19, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge